# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION



**MICHAEL SCHWARTZ**, *an individual,*

        *Plaintiff,*

v.

**THE HALL INSURANCE GROUP INC**, *a North Carolina Corporation,*

        *Defendant*

**1:23CV374.**

J. COLE MJ. LITKOVITZ

<u>INJUNCTIVE RELIEF REQUESTED</u>

<u>DEMAND FOR A JURY TRIAL</u>

## <u>COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND OTHER EQUITABLE RELIEF</u>

## INTRODUCTION

1.    Plaintiff Michael Schwartz ("Plaintiff") brings this action against Defendant The Hall Insurance Group Inc. Plaintiff alleges as follows upon personal knowledge, experience, investigation, and, as to all other matters, upon information and belief.

2.     This is an action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3.     Defendant The Hall Insurance Group ("HIG") markets and sells insurance throughout the United States, including Ohio.

4.     To promote their goods and services Defendant conducts an aggressive telemarketing campaign by placing multiple calls to American telecommunications subscribers, including those whose phone numbers are registered on the National Do Not Call Registry.

5.     Plaintiff's cellular telephone received multiple calls from Defendant or an agent acting on Defendant's behalf; ***Despite***, 1.) Plaintiff's cellular telephone number being registered on the National Do Not Call Registry; and 2.) failing to secure prior express written consent to call Plaintiff.

6.     By placing the telemarketing calls at issue in this Complaint, Defendant caused Plaintiff actual harm and cognizable legal injury. This includes invasion of privacy, annoyance, nuisance and disruption of Plaintiff's daily life.

7.     Through this action, Plaintiff seeks an injunction and statutory damages as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

8.     Plaintiff is a natural person who, at all times relevant to this action, was a resident of Hamilton County, Ohio.

9.     Defendant, The Hall Insurance Group Inc, is a North Carolina Corporation with its principal place of business located at 120 Preston Executive Drive Suite 201 Cary, NC 27513. HIG directs, markets, and provides business activities throughout the United States, including Ohio, and this District. HIG's registered agent for service of process is Melissa Hall. Melissa Hall can be located at 120 Preston Executive Drive Suite 201 Cary, NC 27513.

## JURISDICTION AND VENUE

10.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq. Mims v. Arrow Fin. Servs., LLC, 556 U.S. 368, 372 (2012).*

11.     Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b) because Defendant markets services by making calls into this District and, until September 30, 2021, was licensed to provide services in this District (Exhibit A).

## LEGAL AUTHORITIES

### The Telephone Consumer Protection Act of 1991

12.     The TCPA was passed into law in 1991. The TCPA regulates and restricts the use of automatic telephone equipment. Congress enacted the TCPA to regulate the rapid growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system ("ATDS"); (3) without the recipient's prior express consent, unless the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A).

14.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). If the court finds that Defendant(s) willfully or knowingly violated 47 U.S.C. § 227(b)(1)(A), then the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the $500 in damages per violation. See 47 U.S.C. § 227(b)(3).

15.     In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank,*

*N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

16.    The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d). The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

17.    The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.

18.    The FCC has issued rulings and clarified that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous *written* disclosure must be provided to the individual. *See 2012 FCC Order, 27 FCC Rcd. at 1839* ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer — providing permission in writing — to authorize autodialed or prerecorded telemarketing calls … ").

19.    According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless

customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

20.    In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

21.    To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'*clear and conspicuous disclosure*' of the consequences of providing the requested consent....and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

22.    The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or

services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, *a court must evaluate the ultimate purpose of the communication.* <u>See</u> *Golan v. Veritas Entm't, LLC,* 788 F.3d 814, 820 (8th Cir. 2015).

23.     "Neither the TCPA nor its implementing regulations *'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" Id. (citing Chesbro v. Best Buy Stores, L.P.,* 705 F.3d 913, 918 (9th Cir. 2012)).

24.     The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. <u>See</u> *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 *FCC Rcd.* 14014, ¶¶ 139-142 (2003). This is true whether consumers are encouraged to rent, purchase or consume goods at the time the call is received or in the future.

25.     In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. <u>See</u> *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd.* 14014, ¶ 136 (2003).

26.     If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. <u>See</u> *In the*

*Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

27.     As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

28.     Similarly, the United States Court of Appeals for the Second Circuit recently held that the receipt of a telemarketing or unsolicited call "demonstrates more than a bare violation and satisfies the concrete-injury requirement for standing." *Leyse v. Lifetime Entm't Servs., LLC*, Nos. 16-1133- cv, 16-1425-cv, 2017 U.S. App. LEXIS 2607 (2d Cir. Feb. 15, 2017) (citing *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 105 (2d Cir. 2013) ("The injury-in-fact necessary for standing need not be large; an identifiable trifle will suffice."); *Golan v. Veritas Entm't, LLC,* 788 F.3d 814, 819-21 (8th Cir. 2015) (holding that receipt of two brief unsolicited robocalls as voicemail messages was sufficient to establish standing under TCPA); *Palm Beach Golf Ctr.-Boca, Inc. v.*

*John G. Sarris, D.D.S., P.A.,* 781 F.3d 1245, 1252 (11th Cir. 2015) (holding that injury under similar TCPA provision may be shown by one-minute occupation of fax machine).

## Ohio Revised Code

29.    The Ohio Revised Code (ORC) 4719 et seq. regulates soliciting via telephone to residents of Ohio.

30.    ORC 4719.01 defines a "purchaser" as "a person that is solicited to become or does become financially obligated as a result of a telephone solicitation."

31.    ORC 4719.01 defines "telephone solicitation" as a communication to a person that: (a) "is initiated by or on behalf of a telephone solicitor or salesperson" or (b) the "communication either represents a price or the quality or availability of goods or services[.]"

32.    ORC 4719.01 defines "telephone solicitor" as "a person that engages in telephone solicitation directly or through one or more salespersons," regardless of the solicitor's location, to persons in Ohio. "Telephone solicitor includes, but is not limited to, any such person that is an owner, operator, officer, or director of, partner in, or other individual engaged in the management activities of, a business."

33.    ORC 4719.01 defines "purchaser" as "a person that is solicited to

become or does become financially obligated as a result of a telephone solicitation."

34. ORC 4719.01 lists specific exemptions regarding which industries and individual companies do not have to register as a telephone solicitor with the Ohio Attorney General's Office. Specifically, ORC 4719.01(B)(10)(a) states, "[a]n insurance company, association, or other organization that is licensed or authorized to conduct business in this state by the superintendent of insurance pursuant to Title XXXIX of the Revised Code or Chapter 1751 of the Revised Code, *when soliciting within the scope of its license or authorization*." (Emphasis added).

35. ORC 4719.02(A) requires telephone solicitors to obtain a registration certificate from the Ohio Attorney General and to obtain a surety bond to solicit Ohio residents by telephone. A copy of the surety bond must be on file with the Ohio Attorney General.

36. ORC 4719.02(D) states that "[n]o nonresident telephone solicitor shall fail to maintain a resident of this state as its statutory agent for service of process.

37. ORC 4719.06 requires telephone solicitors within the first sixty (60) seconds of a call to state that the purpose of a call is to effect a sale and to identify the goods and services being sold.

38.    ORC 4719.14 states that "[a] violation of section 4719.02, 4719.05, or 4719.06; division (C), (D), or (E) of section4719.07; section 4719.08, or division (A) of 4719.09 of the Revised Code is an unfair or deceptive act or practice in violation of section 1345.02 of the Revised Code."

39.    ORC 1345.02(A) states that "no supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during or after the transaction."

40.    ORC 1345.02(B)(9) states that "[w]ithout limiting the scope of division (A) of this section, the act or practice of a supplier in representing any of the following is deceptive...(9) [t]hat the supplier has a sponsorship, approval, or affiliation that the supplier does not have."

41.    ORC 1345.02(G) states that "[w]ithout limiting the scope of division (A) of this section, the failure of a supplier to obtain or maintain any registration, license, bond, or insurance required by state law or local ordinance for the supplier to engage in the supplier's trade or profession is an unfair or deceptive act or practice."

42.    ORC 1345.01(C) defines a "supplier" as "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions[.]"

43.     ORC 1345.09(A) states that people may bring an individual action against entities who commit violations of ORC 1345.02 in order to recover actual economic damages plus an amount not exceeding five thousand (5000) dollars in noneconomic damages.

44.     ORC 4719.15(A) states that "[a] purchaser injured by a violation of a provision of sections 4719.01 to 4719.18 of the Revised Code or a rule adopted under any provision of those sections may bring a civil action against the telephone solicitor or salesperson who committed the violation."

45.     ORC 4719.15(C) states that "[t]he court may award the purchaser punitive or exemplary damages upon the purchaser's showing that the telephone solicitor or salesperson knowingly committed an act or practice that violated a provision of sections 4719.01 to 4719.18 of the Revised Code."

## FACTUAL BACKGROUND

46.     At all times relevant, Plaintiff was a citizen of the State of Ohio.

47.     The Hall Insurance Group is an insurance company that markets and sells Medicare supplement plans, Medicare Advantage plans, and other insurance products.

48.     HIG markets to and conducts a portion of its business in the State of Ohio.

49.     Upon information and belief, HIG is directly involved with and is

responsible for the implementation of the tortious telemarketing campaign that has caused Plaintiff harm.

50.    On or about June 16, 2022, HIG began placing or caused others to place unsolicited telemarketing calls to Plaintiff's cellular telephone number (817) 600-6805 ("the 6805 Number"), despite the 6805 Number being listed on the National Do Not Call Registry ("DNC").

51.    The calls were placed through the use of an automated system for the selection or dialing of telephone numbers, which, after Plaintiff answered the call, included the sound of a phone ringing followed by a prerecorded message, indicating the call was placed using an ATDS.

52.    Between the time period of June 16, 2022, and December 31, 2022 Plaintiff received two (2) individual telemarketing calls and one (1) text message (Plaintiff's Exhibit A attached below) from Defendant, all through the use of an automated system for the selection or dialing of telephone numbers.

53.    On June 16, 2022, after answering a call and hearing a prerecorded message, Plaintiff was transferred to and spoke with Defendant's employee, Rose Greene. Rose Greene told Plaintiff "Hi, this is Rose reaching out to you." The fact that Rose Greene answered the call in such a manner establishes that it is Defendant HIG who contacted Plaintiff. Plaintiff's phone records show that the

telephone communications between HIG and Plaintiff were all inbound communications to Plaintiff's personal cellular telephone.

54. To transmit the above telephonic sales calls, HIG used equipment, or paid a third party to use equipment, which has the capacity to generate random telephone numbers using a random or sequential number generator, and dial such numbers, *en masse* - without any human intervention, and in fact, Defendant's agent used such equipment to dial Plaintiff's cellular telephone number on behalf of HIG.

55. The telephone calls began with the sound of an artificial or prerecorded message before a live caller came on the line, further indicating the use of an ATDS.

56. Plaintiff never provided the Defendant with any form of consent, including express written consent that authorized Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

57. Plaintiff is not and has never been eligible for Medicare. Plaintiff has never asked to be contacted about Medicare and has never requested contact from The Hall Insurance Group.

58. The telemarketing sales calls at issue in this action originated from

multiple long code and/or spoofed numbers, including: 1.) 336-604-6985, 2.) 919-568-5438, and 3.) 757-782-9042.

59. Upon information and belief, the long code numbers cited in ¶ 41 of this Complaint are owned, maintained, and/or operated by Defendant or Defendant's agent.

60. Plaintiff is the subscriber and regular user of the 6805 Number and is financially responsible for telephone service to the 6805 Number.

61. The 6805 Number is for personal use and is not associated with a business.

62. Plaintiff has never done business with Defendant or Defendant's agent(s), has never inquired about their products and never provided prior express written consent to Defendant or Defendant's agent to place autodialed calls or text messages to solicit their products.

63. Upon information and belief, Defendant and/or their agents lack a sufficiently adequate system for limiting autodialed and/or prerecorded calls to cellular phones on the DNC for which it does not have prior express permission to call.

64. Defendant's calls constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services.

65. Upon information and belief, Defendant fails to maintain a list of

persons who request not to receive telephonic sales calls.

66.    The generic and repetitive nature of Defendant's prerecorded telemarketing calls, combined with the large number of calls, the random nature of the calls, the lack of an immediate connection when the calls were answered, an audible pause and sound when the calls were answered and the use of multiple long code numbers and/or spoofed numbers in making the calls demonstrates that Defendant utilized an automated system for the selection or dialing of Plaintiff's telephone number.

67.    Defendant's unsolicited calls caused Plaintiff actual harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. The calls also caused inconvenience and disruption to Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's cellular telephone.

68.    Defendant hounded Plaintiff with persistent calls. Plaintiff was at home when many of the calls were received, which resulted in an audible sound, *e.g.*, the constant ringing of Plaintiff's cellular telephone, which caused a disturbance of the domestic peace of Plaintiff's home and invaded Plaintiff's privacy.

69.    Plaintiff's 6805 number was placed on the DNC by Plaintiff on May 24, 2021. Defendant's calls were placed to Plaintiff's 6805 over one (1) year after

DNC registration, which exceeds the thirty (30) day period for business entities to stop calling phone numbers on the DNC.

## CAUSES OF ACTION

### First Cause of Action
### Negligent Violations of the TCPA, "ATDS"
### Prohibition, 47 U.S.C. § 227(b) et seq.

70.     Plaintiff repeats and incorporates by reference ¶ ¶ 1–69.

71.     Defendant The Hall Insurance Group Inc.– or third parties directed by The Hall Insurance Group Inc. – transmitted calls using an automatic telephone dialing system to the cellular telephone number of Plaintiff.

72.     These communications were made without regard to whether or not Defendant Hall Insurance Group had first obtained express permission from Plaintiff to make such calls or send text messages.

73.     Defendant Hall Insurance Group Inc did not have prior express consent to call or text the cellular telephone of Plaintiff when the communications were made.

74.     Defendant The Hall Insurance Group has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phone of Plaintiff

without prior express consent. Further, the calls began with an artificial or prerecorded voice message.

75.     Defendant The Hall Insurance Group Inc knew that it did not have prior express consent to place these communications and knew, or should have known, that it was using an ATDS to make non-emergency telephone calls to the cell phone of Plaintiff without prior express consent. The violations were therefore willful or knowing.

76.     Defendant Hall Insurance Group used an automated system to send a text message to Plaintiff's personal cellular telephone. The text message expresses thanks to Plaintiff for contacting Defendant. Plaintiff did not contact Defendant but was contacted by Defendant, as Plaintiff's phone records indicate.

77.     Defendant The Hall Insurance Group Inc.'s communications caused Plaintiff actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone.

78.     As a result of the aforementioned violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each communication in negligent violation of the TCPA, or up to $1,500 in statutory damages for each communication in willful violation of the TCPA, pursuant to 47 U.S.C. §

227(b)(3)(B).

79. Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant The Hall Insurance Group Inc for the following:

a. Injunctive relief prohibiting violations of the TCPA by Defendant The Hall Insurance Group Inc and its telemarketing agents in the future;

b. Statutory damages of $500.00 for each and every communication made in negligent violation of the TCPA or $1,500 for each and every communication made in willful violation of the TCPA, pursuant to 47 U.S.C. § (b)(3)(B)

c. Such other relief as this Court deems just and proper.

## Second Cause of Action
### Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227(b) et seq.

87. Plaintiff repeats and incorporates by reference ¶ ¶ 1–69.

88. Defendant Hall Insurance Group placed multiple calls and sent a text

message to Plaintiff's cellular telephone within a twelve (12) month period beginning June 16, 2022. The calls were placed using an ATDS and began with a prerecorded message in violation of 47 U.S.C. § (b)(1)(A)(iii).

89.   Defendant Hall Insurance Group knew or should have known that Plaintiff's cellular telephone was at all times relevant to this matter, listed on the National Do Not Call Registry. Further, Defendant Hall Insurance Group knew, or should have known, that HIG did not have Plaintiff's express written consent to be contacted. The violations were therefore willful or knowing.

90.   Defendant Hall Insurance Group caused Plaintiff actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone.

91.   As a result of the aforementioned violations of the TCPA, Plaintiff is entitled to an award of up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

92.   Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant HIG. for the following:

   a. Injunctive relief prohibiting violations of the TCPAby Defendant HIG in the future;

   b. Statutory damages of $1,500 for each and every communication made in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B); and,

   c. Such other relief as this Court deems just and proper.

### Third Cause of Action
### Unfair or Deceptive Act or Practice, Failure to Register as a Telephone Solicitor, ORC 4719.02(A)

93.    Plaintiff repeats and incorporates by reference ¶¶1–69.

94.    According to the Ohio Attorney General's website, Defendant is not registered with the State of Ohio as a Telephone Solicitor.

95.    According to the Ohio Department of Insurance's website, Defendant was not licensed in the State of Ohio at the time Defendant contacted Plaintiff via telephone and, thus, is not a member of an exempt class.

96.    Pursuant to ORC 4719.14, Ohio's Consumer Sales Practices Act, ORC 1345 et seq., applies.

97.    Pursuant to ORC 1345.02(G), "[t]he failure of a supplier to obtain or maintain any registration...for the supplier to engage in the supplier's trade or profession is an unfair or deceptive act or practice."

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant for the following:

a.  Injunctive relief prohibiting violations of the ORC by Defendant in the future;

b.  Statutory damages of $5,000 for each and every violation of ORC 4719.02, pursuant to ORC 4719 et seq. and ORC 1345 et seq.; and,

c.  Such other relief as this Court deems just and proper.

**Fourth Cause of Action**
**Unfair or Deceptive Act or Practice, Failure to Maintain an Ohio Resident as Statutory Agent for Service of Process, ORC 4719.02(D)**

98.    Plaintiff repeats and incorporates by reference ¶¶1–69.

99.    According to the Ohio Secretary of State's Office, Defendant does not have a statutory agent for service of process in the state of Ohio.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant for the following:

a. Injunctive relief prohibiting violations of the ORCby

Defendant in the future;

b. Statutory damages of $5,000 for each and every violation of ORC

4719.02, pursuant to ORC 4719 et seq. and ORC 1345 et seq.; and,

c. Such other relief as this Court deems just and proper.

### Fifth Cause of Action
### Unfair or Deceptive Act or Practice, Failure to Disclose Required Information, ORC 4719.06

100. Plaintiff repeats and incorporates by reference ¶ ¶ 1–69.

101. ORC 4719.06 states that "[w]ithin the first sixty seconds of a telephone

call…no telephone solicitor or salesperson shall fail to do all of the

following: (1) state the solicitor's or salesperson's true name and the

company on whose behalf the solicitation is being made; (2) state that the

purpose of the telephone call is to effect a sale; (3) identify the goods or

services being sold."

102. The information required to be disclosed in the first sixty seconds of the

phone call was not disclosed by Defendant in the required time period.

103. Pursuant to ORC 4719.14, Ohio's Consumer Sales Practices Act, ORC 1345,

applies.

104. Pursuant to ORC 1345.02(A), "[n]o supplier shall commit an unfair or

deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant for the following:

a. Injunctive relief prohibiting violations of the ORC by Defendant in the future;

b. Statutory damages of $5,000 for each and every violation of the ORC, pursuant to ORC 4719 and ORC 1345; and,

c. Such other relief as this Court deems just and proper.

**Sixth Cause of Action**
**Unfair or Deceptive Act or Practice, Deceptive Statement, ORC 1345.02(A)**

105. Defendant's automated text message to Plaintiff (dated June 16, 2022) states, "Hello Schwartz Michae (sic) thank you so much for contacting The Hall Insurance group."

106. Defendant's automated text message is signed by Melissa D. Hall, "Owner," and states that the text message was sent by The Hall Insurance Group (Exhibit B).

107. Defendant's text message contains Plaintiff's name, which Plaintiff never

stated during the call, further indicating that Defendant obtained access to Plaintiff's personal information with the intent to solicit Plaintiff via telephone without Plaintiff's express written permission or consent.

108. Defendant's text message contains a false statement; specifically, the message claims that Plaintiff contacted Defendant. Plaintiff's phone records indicate that Plaintiff had never contacted Defendant prior to June 16, 2022.

109. Defendant's text message contains a statement designed to obfuscate the nature of the sender and recipient of telephone communications between Defendant and Plaintiff.

110. Plaintiff has never contacted Defendant except to serve correspondence via U.S. mail relating to litigation about the telephone communications at issue in this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant for the following:

a. Injunctive relief prohibiting violations of the ORC by Defendant in the future;

b. Statutory damages of $5,000 for each and every violation of the ORC, pursuant to ORC 4719 and ORC 1345; and,

    c.  Such other relief as this Court deems just and proper.

## Seventh Cause of Action
## Unfair or Deceptive Act or Practice, Claiming an Affiliation, Sponsorship, or Approval that Supplier Does Not Have, ORC 1345.02(B)(9)

111.   Defendant's employee, Rose Greene, claimed that Defendant is licensed throughout the United States.

112.   At the time of the telephone communications relevant to Plaintiff's Complaint, Defendant was not licensed in the state of Ohio. Defendant's insurance license was suspended effective September 30, 2021 (Exhibit A).

113.   Defendant contacted Plaintiff multiple times after September 30, 2021, in order to sell, market, or otherwise encourage the provision of Defendant's services to Plaintiff, which Defendant was not licensed to provide to residents of Ohio.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant for the following:

    a.  Injunctive relief prohibiting violations of the ORC by Defendant in the future;

    b.  Statutory damages of $5,000 for each and every violation of the ORC, pursuant to ORC 4719 and ORC 1345; and,

    c.  Such other relief as this Court deems just and proper.

## SUMMARY OF PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant for the following:

a. Injunctive relief prohibiting violations of the TCPA and ORC by Defendant in the future;

b. Statutory damages of $500.00 for each and every communication made in negligent violation of the TCPA or $1,500 for each and every communication made in willful violation of the TCPA, pursuant to 47 U.S.C. § 227 (b)(3)(B) and statutory damages of $5,000 for each and every violation of the ORC, pursuant to ORC 4719 and ORC 1345 according to the following schedule:

> Count 1: $1,500 x 3 = $4,500
> or
> Count 2: $1,500 x 3 = $4,500
> and
> Count 3: $5,000 x 3 = $15,000
> Count 4: $5,000 x 2 = $10,000
> Count 5: $5,000 x 1 = $5,000
> Count 6: $5,000 x 1 = $5,000
> Count 7: $5,000 x 1 = $5,000
>
> Total: $44,500; and

c. Such other relief as this Court deems just and proper.

## **JURY DEMAND**

114. Plaintiff hereby demands a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

115. Plaintiff demands that Defendant(s) take affirmative steps and
affirmative measures to retain, collect, and ensure that no
potentially relevant documents, records, or information
(including electronic information) are inadvertently altered,
lost, or destroyed. Plaintiff further demands that Defendant(s)
shall preserve all records, lists, electronic databases or other
itemization of telephone numbers associated with Plaintiff and
the communication or transmittal of the calls as alleged herein.

Dated: June 16, 2023

Respectfully Submitted,

/s/ Michael Schwartz

**MICHAEL SCHWARTZ**
*Pro se Plaintiff*
1400 Reading Road #1111
Cincinnati, Ohio 45202
Tel.: (817) 600-6805
Email: tcpacorrespondence@gmail.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 16, 2023 I filed the foregoing

document with the Clerk of the Court. Which when entered by the Clerk will

generate notices of filing to any party or individual who has requested to receive

notices for this case. **I FURTHER CERTIFY** that on this 16th day of June, 2023,

a true and correct copy of the foregoing document was mailed to The Hall

Insurance Group, care of Melissa Hall, at The Hall Insurance Group Inc.'s

address on file with the North Carolina Secretary of State.

By: /s/ *Michael Schwartz*
Michael Schwartz

## SERVICE LIST

### Michael Schwartz v. The Hall Insurance Group Inc

### United States District Court, Southern District of Ohio

The Hall Insurance Group Inc.
ATTN: Melissa Hall
120 Preston Executive Drive
Suite 201
Carey, NC 27513
Tel. (919) 944-4515

*Defendant*
*Service via U.S. Mail*