UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL SCHWARTZ,  
    Plaintiff,

vs.

THE HALL INSURANCE GROUP INC.,  
    Defendant.

Case No. 1:23-cv-374  
Consent Case  
Litkovitz, M.J.

ORDER

This matter is before the Court on plaintiff Michael Schwartz's first motion for leave to file a supplemental complaint (Doc. 44)[1], defendant's memorandum in opposition and motion to strike plaintiff's motion as untimely (Doc. 46), and plaintiff's reply memorandum (Doc. 50). For the reasons that follow, plaintiff's motion is denied, and defendant's motion is granted.

I.     **Factual Background**

Plaintiff, proceeding pro se, filed this lawsuit on June 16, 2023. (Doc. 1). The original complaint named as defendant The Hall Insurance Group Inc. (thereafter referred to as HIG) and alleged that between "June 16, 2022, and December 31, 2022," plaintiff received telemarketing calls and one text message from defendant (Doc. 1 at PAGEID 13), despite plaintiff's phone number being listed on the National Do Not Call Registry. (Doc. 1 at PAGEID 2). Plaintiff alleges the calls were initiated using an automatic telephone dialing system without his prior consent. (Doc. 1 at PAGEID 13). Plaintiff brings his claims under 47 U.S.C. § 227, alleging

---

[1] Plaintiff's motion for leave to a file supplemental complaint seeks to add allegations related to incidents that occurred after plaintiff filed the original complaint in accordance with Fed. R. Civ. P. 15(d), as well as new allegations related to incidents that occurred before plaintiff filed the original complaint. (Docs. 44, 44-1). However, Rule 15(d) is limited to supplements relating to a "transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). "While there is a technical distinction between 'amendments' and 'supplemental pleadings' for purposes of Rule 15, there is 'little practical significance' to said distinction, especially for purposes of a scheduling order." *Student Res. Ctr., LLC v. E. Gateway Cmty. Coll.*, No. 2:22-cv-2653, 2023 WL 6213678, at *5 (S.D. Ohio Sept. 25, 2023) (quoting *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002)). Consequently, plaintiff's motion will be treated as both a motion for leave to supplement the complaint under Rule 15(d) and a motion to amend the complaint under Rule 15(a).

violations of the Telephone Consumer Protection Act (TCPA), and state law claims under Ohio Revised Code 4719 (Ohio Telephone Solicitation Sales Act) (TSSA) and 1345 (Ohio Consumer Sales Practices Act). (Doc. 1).

On October 24, 2023, the Court entered a calendar order with a deadline to amend pleadings of November 30, 2023, a discovery deadline of February 23, 2024, and a dispositive motion deadline of April 19, 2024. (Doc. 22). After an informal discovery conference on May 24, 2024, the Court ordered defendant to provide the remaining requested discovery items to plaintiff by June 29, 2024, including "providing the names of all companies which generated contact information for defendant over the past five years." (Doc. 40). On June 20, 2024, the parties participated in an informal discovery status conference during which plaintiff confirmed that although he contested the scope of the responses, defendant had provided responses to the remaining interrogatories and the only outstanding discovery item was an affidavit from a witness. (*See* Case No. 1:23-cv-374, Minute Entry of June 20, 2024). On July 15, 2024, the parties participated in a status conference with the Court during which both parties confirmed there were no remaining discovery issues to be resolved before trial, and the calendar order was amended to change the deadline for dispositive motions to August 12, 2024 and the trial date to November 13, 2024. (Doc. 42). The updated calendar order did not extend any deadlines to amend pleadings. (Doc. 42). On August 12, 2024, defendant moved for summary judgment. (Doc. 43). On the same day, plaintiff filed the present motion for leave to file a supplemental complaint. (Doc. 44).

Plaintiff's motion seeks to amend the complaint to change the alleged number of calls received from defendant, or its agent(s), from two (2) to twenty (22). (Doc. 44-1 at PAGEID 249). Included in plaintiff's supplemental complaint are calls that occurred both before and after

the initial complaint filing, where callers allegedly acting as agents of defendant identified themselves as being associated with the Medicare Help Center. (Doc. 44-1 at PAGEID 250-62, 268; Doc. 50 at PAGEID 359). Plaintiff seeks to add two new defendants to the complaint and appears to advance a new legal theory that defendant is vicariously liable for calls made by third parties. (Doc. 44-1 at PAGEID 262-64). Plaintiff does not specify which putative defendants, or agents, made each of the calls. (Doc. 44-1 at PAGEID 262-64). If plaintiff's motion were to be granted, the additional alleged violations of the TCPA and TSSA would increase the potential damage award in this case from $44,500 to $259,500. (Doc. 1 at PAGEID 27; Doc. 44-1 at PAGEID 269-70). Plaintiff further seeks to add an eighth cause of action for spoofing in violation of Ohio Revised Code 4719.08(I), as well as additional factual details learned during discovery. (Doc. 44-1).

**II.     Applicable Law**

Courts must consider both Fed. R. Civ. P. 15 and 16 when deciding whether to grant a motion to amend filed after the deadline established by the court's scheduling order. *Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541 (6th Cir. 2012). Untimely motions for leave to amend or supplement are in practice a request to modify the scheduling order under Fed. R. Civ. P. 16(b)(4). *Student Res. Ctr., LLC v. E. Gateway Cmty. Coll.*, No. 2:22-cv-2653, 2023 WL 6213678, at *5 (S.D. Ohio Sept. 25, 2023) (taking the majority approach in interpreting Rule 16(b)(4) to apply to both amendments and supplements to the pleadings).

   a.  *Rule 16(b)*

Rule 16 allows for the modification of a scheduling order deadline "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A court may only modify a scheduling

3

order deadline "if [the deadline] cannot reasonably be met despite the diligence of the party seeking the extension*.*" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing both the Fed. R. Civ. P. 16, 1983 advisory committee's notes and *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (finding that good cause can be measured by a movant's "diligence in attempting to meet the case management order's requirements.")) (internal citation omitted). Another factor courts consider is the existence or degree of "possible prejudice to the party opposing the modification." *Inge*, 281 F.3d at 625 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

    b. *Rule 15(a) & (d)*

Rule 15 provides that a complaint may be amended once as a matter of course within 21 days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1)(B). If a plaintiff wishes to amend the complaint after the 21-day period has expired, he must obtain consent of the opposing parties or leave of the Court. Fed. R. Civ. P. 15(a)(2). The grant or denial of a motion to amend under Fed. R. Civ. P. 15(a) is within the discretion of the trial court, and leave to amend a complaint should be liberally granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The standard for granting leave to supplement under Rule 15(d) is the same as the standard governing leave to amend under Rule 15(a)(2). *Spies v. Voinovich*, 48 Fed. App'x 520, 527 (6th Cir. 2002) (citing *McHenry v. Ford Motor Co.*, 269 F.2d 18, 24 (6th Cir. 1959) (internal citation and quotation marks omitted).

The Court must consider several factors in determining whether to permit an amendment to the complaint, including "undue delay or bad faith in filing the motion, repeated failures to cure previously identified deficiencies, futility of the proposed amendment, and lack of notice or undue prejudice to the opposing party." *Knight Cap. Partners Corp. v. Henkel AG & Co.,*

4

*KGaA*, 930 F.3d 775, 786 (6th Cir. 2019) (citing *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 805 (6th Cir. 2005)).  Courts require "at least some significant showing of prejudice to deny a motion to amend based solely upon delay." *Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925, 934 (6th Cir. 2020) (quoting *Siegner v. Twp. of Salem*, 654 F. App'x 223, 228 (6th Cir. 2016)) (internal citation omitted).  However, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (internal quotation marks omitted)).  "Prejudice to the party not seeking alteration to the scheduling order should be a factor, but the main focus should remain on the moving party's exercise of diligence." *Cooke v. AT&T Corp.*, No. 2:05-cv-374, 2007 WL 188568, at *6 (S.D. Ohio Jan. 22, 2007) (citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (internal citation omitted)).  Further, "[a]llowing an amendment after discovery is closed and summary judgment motions are fully briefed imposes significant prejudice on defendants." *Siegner*, 654 F. App'x at 228 (finding prejudice to the defendant when the amendment was filed one month after the dispositive motion deadline and two months after discovery closed) (internal quotation marks and citation omitted).

    **III.**    **Analysis**

    The question before the Court is whether plaintiff has shown good cause to modify the scheduling order under Fed. R. Civ. P. 16(b)(4) and demonstrated that the deadline for amendments could not reasonably have been met. *Leary*, 349 F.3d at 906.  Once the plaintiff meets the threshold requirements of Rule 16, then the Court must weigh the following factors under Rules 15(a)(2) and 15(d): whether undue delay or bad faith occurred in the motion filing, whether prior amendments failed to cure deficiencies in the complaint, whether the proposed

5

amendment would be futile, and whether permitting an amendment would result in lack of notice or undue prejudice to the non-movant. *Hageman v. Signal L. P. Gas, Inc*., 486 F.2d 479, 484 (6th Cir. 1973) (citing *Foman v. Davis*, 371 U.S. at 182). Defendant opposes plaintiff's motion for leave to file a supplemental complaint, arguing that plaintiff's motion is untimely and that permitting the proposed amendment would cause undue prejudice to defendant. (Doc. 46 at PAGEID 276-77). Plaintiff argues that he has met Fed. R. Civ. P. 15(a)'s requirements for amending the complaint but does not directly address the "good cause" requirements of Rule 16(b). (Doc. 44).

    *a. Modifying the Scheduling Order and Amending the Complaint*

 Modifying a scheduling order deadline under Rule 16(b)(4) requires plaintiff to show he could not have met the deadline to amend despite his due diligence. *Leary v. Daeschner*, 349 F.3d at 906. Plaintiff's claims the "extended the discovery deadline" and disputes during discovery prevented plaintiff from uncovering evidence and speaking to witnesses that linked defendant to the additional phone calls plaintiff seeks to add to his complaint. (Doc. 44 at PAGEID 234; Doc. 50 at PAGEID 358-61). Defendant disputes plaintiff's assertion, noting that plaintiff claims in his supplemental complaint that he communicated with the witnesses "many months ago." (Doc. 46 at PAGEID 277).

 Plaintiff notes in his motion for leave to file a supplemental complaint that the initial discovery deadline in this case was set for February 2, 2024, but was later extended to June 29, 2024, due to "discovery disputes." (Doc. 44 at PAGEID 234). Plaintiff then states that in the process of discovery he "found evidence to indicate HIG and/or at least one other entity paid by HIG continued committing violations of the Telephone Consumer Protection Act ("TCPA") and Ohio's Telephone Solicitation Sales Act ("TSSA") against [p]laintiff past the date . . . [of]

6

[s]ummons." (Doc. 44 at PAGEID 234). Plaintiff's supplemental complaint alleges that plaintiff received multiple calls between October 15, 2022 and August 5, 2024, wherein callers identified themselves as representing the Medicare Help Center. (Doc. 44-1 at PAGEID 250-62, 268). Plaintiff asserts that he received information from Kelly Pinn and Wes Newman that "independently verified to [p]laintiff that [d]efendant and Medicare Help Center are connected such that Medicare Help Center places calls on behalf of or provides leads to defendant." (Doc. 44-1 at PAGEID 260).

Although plaintiff claims in his reply to defendant's objection and motion to strike that he was "not made aware of [d]efendant's ties to Medicare Help Center until on or around July 17, 2024"[2] (Doc. 50 at PAGEID 359), plaintiff's argument is undermined by evidence in the record suggesting he was aware of Mr. Newman and Ms. Pinn long before that date. (Doc. 44-1; Doc. 46). Plaintiff states in his supplemental complaint that Ms. Pinn and Mr. Newman were identified "during discovery," which concluded on June 29, 2024. (Doc. 44-1 at PAGEID 260). Plaintiff further admitted in his responses to defendant's March 7, 2024 interrogatories that he had already been in contact with Mr. Newman at that time. (Doc. 43-2 at PAGEID 223). Defendant disclosed Ms. Pinn's name to Plaintiff on March 4, 2024 (Doc. 46 at PAGEID 276), and plaintiff admits he began communicating with her on May 29, 2024. (Doc. 50 at PAGEID 361). While plaintiff seemingly alludes to difficulties he encountered communicating with Mr. Newman and Ms. Pinn, he fails to describe what those difficulties were and what efforts he made to contact them. (Docs. 44, 44-1, 50). Plaintiff did not attach any documentation to his motion for leave to file a supplemental complaint regarding contacts with Ms. Pinn and Mr. Newman.

---

[2] Plaintiff's reference to the July 17, 2024 date appears to be regarding an email he received from Mr. Newman that day, containing information allegedly connecting defendant to the Medicare Help Center. (Doc. 49-3 at PAGEID 352-53). Plaintiff submitted the email as an exhibit to his response to defendant's motion for summary judgment, and not on his motion for leave to supplement the complaint. (Doc. 44).

7

(Docs. 44, 44-1, 50).

Plaintiff does not address why he is only now seeking to add The Leads Warehouse and Lead Research Group as additional defendants to the complaint and in fact, they are not mentioned in his motion or his reply to defendant's objection and motion to strike. (Doc. 44, 50). Plaintiff's responses to defendant's March 7, 2024 interrogatories reflect that he was aware of The Leads Warehouse and Lead Research Group in March 2024. (Doc. 43-2 at PAGEID 223). Plaintiff has not indicated that he received any new information regarding these potential new defendants that could explain the delay in filing to amend the complaint with their names. (Doc. 44, 50).

Plaintiff fails to demonstrate that he exercised due diligence in obtaining the information he now seeks to add to his complaint and to comply with the Court's scheduling order deadlines. *Inge,* 281 F.3d at 625. Further, even if this Court were to accept plaintiff's suggestion that delays in discovery prevented him from amending the complaint sooner, discovery delays are generally not sufficient to establish good cause, especially when there has been a significant lapse in time since the deadline to amend. *Oatly AB v. D's Nats. LLC*, No. 1:17-cv-840, 2020 WL 2912105, at *6–7 (S.D. Ohio June 3, 2020) (Report and Recommendation) (Bowman, M.J.) (noting that deadlines to amend pleadings usually expire far in advance of discovery deadlines to prevent "unfair surprises as to the scope of the relevant claims at issue."), *adopted*, 2020 WL 5310272 (S.D. Ohio Sept. 4, 2020) (McFarland, J.).

Defendant argues that allowing plaintiff to amend his complaint at this stage of the lawsuit is likely to prejudice defendant by requiring the reopening of discovery and the addition of new defendants (Doc. 46 at PAGEID 277), and the Court agrees. *See, e.g., Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999) (aggregating cases from this circuit and others

8

that have found that "allowing amendment after the close of discovery creates significant prejudice"). Plaintiff's motion was filed eight months after the deadline for the amendment of pleadings, discovery has concluded, and a trial date has been set. (Docs. 22, 42, 44). Defendant filed a motion for summary judgment on the same day the present motion for leave to supplement the complaint was filed by plaintiff, which would be significantly impacted if the Court were to grant plaintiff leave to amend. (Doc. 43). If plaintiff were permitted to amend the complaint at this stage, defendant would be required to expend additional resources to respond to the complaint as amended and the resolution of the lawsuit would be delayed. *C.T. v. Red Roof Inns, Inc.*, No. 2:19-cv-5384, 2020 WL 6084071, at *1 (S.D. Ohio Aug. 6, 2020) (citing *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994)).

"When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier," *Wade*, 259 F.3d at 459 (citing *Duggins,* 195 F.3d at 834), and plaintiff has failed to meet that burden. As discussed above, there is evidence in the record that plaintiff was aware of the witnesses whose information he now seeks to add to his complaint for a significant period before filing this motion. (Docs. 44, 44-1, 49-3, 50). Plaintiff's stated reasons for why he waited until eight months after the deadlines for amending pleadings before seeking to amend the complaint are not well-supported and plaintiff has not established that "good cause" exists to modify the scheduling order. (Docs. 44, 50).

It is clear that "the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment." *Phillippi v. Jim Phillippi, Inc.*, No. 2:07-cv-0916, 2009 WL 943558, at *1 (S.D. Ohio Apr. 3, 2009). Plaintiff's undue delay in seeking to amend his complaint, and the prejudice to defendant that would result, warrant denying plaintiff's motions to supplement his

9

complaint to add new factual allegations. *Phillippi*, 2009 WL 943558, at *1 ("delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.").

**IT IS THEREFORE ORDERED THAT** plaintiff's motion for leave to supplement the complaint (Doc. 44, 44-1) is **DENIED**, and defendant's motion to strike (Doc. 46)[3] is **GRANTED.**

Date: 9/19/2024

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Defendant's memorandum in opposition and motion to strike includes a request for attorney's fees. However, defendant has cited no authority authorizing attorney fees and costs under the circumstances presented by plaintiff's motion. Therefore the Court denies defendant's request.